UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUFTI ABDUL EL-MALIK-BEY ALI,

  Plaintiff,

  v.   CAUSE NO. 3:24-CV-141-CCB-SLC

McCRAY and BENNIDICT,

  Defendants.

## OPINION AND ORDER

Mufti Abdul El-Malik-Bey Ali, a prisoner without a lawyer, began this case by filing a complaint with unrelated claims. ECF 1. He was told to pick related claims and file an amended complaint. ECF 9. He was cautioned if he did not pick, "the court will select a claim and dismiss the others." *Id*. In response, he filed an amended complaint, but did not use the court's form as required by N.D. Ind. L.R. 7-6. ECF 10. He was told to amend on the proper form and reminded, "if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the Court may select a claim from his original complaint (ECF 1) and dismiss the others." ECF 12 at 2. Ali has now filed an amended complaint on the proper form, but it too has unrelated claims. *See* ECF 13.

"[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). When a plaintiff files a complaint with unrelated or mis-joined claims, the court can "solve the problem by [picking a claim and] dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford*

*Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Though the court's last order said the court would pick a claim from his original complaint, that was only if he had not responded by the deadline. Because Ali filed an amended complaint, the court will pick a claim from it. Here, the court will keep the first claim discussed in the amended complaint - which is also the oldest claim. His newer, unrelated claims will be dismissed without prejudice so Ali can bring them in separate lawsuits without the statute of limitations being as much of a concern as it would be for his oldest claim.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ali alleges that twenty-eight of the letters he mailed from January 2023 to January 2024 (both personal and legal) went missing – including fifteen in July 2023. ECF 13 at ¶ 6. He alleges eight of those fifteen were removed from a U.S. Post Office mailbox by Sgt. McCray and Officer Bennidict. *Id*. at ¶ 7. He alleges Sgt. McCray bragged to him about the mail tampering on July 20, 2023. *Id*.

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir.1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell,* 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe,* 196 F.3d at 782. An inmate's legal mail, however,

2

is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe,* 196 F.3d at 782.

*Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005). Here, the allegation is not one of institutional review or censorship, but one of individual malice directed at Ali. These allegations state a claim for violating the First Amendment.

For these reasons, the court:

(1) **GRANTS** Mufti Abdul El-Malik-Bey Ali leave to proceed against Sgt. McCray and Officer Bennidict in their individual capacities for nominal and punitive damages for destroying twenty-eight of his letters from January 2023 to January 2024 in violation of the First Amendment;

(2) **DISMISSES** all other claims WITHOUT PREJUDICE;

(3) **DISMISSES** K. Smith, M. Rush, Jocstis, Stevens, Phillipe, Cloud, and Stevens;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. McCray and Officer Bennidict at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 13);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Sgt. McCray and Officer Bennidict to respond, as provided for in the Federal Rules of Civil Procedure and N.D.

Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 7, 2025.

                                       /s/*Cristal C. Brisco*
                                       CRISTAL C. BRISCO, JUDGE
                                       UNITED STATES DISTRICT COURT